**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK (CENTRAL ISLIP)**          aw9361
-------------------------------------------------------------X
**IN RE:**
    **VICTOR J. LANDERS,**                                    Case no. 10-77222-reg
        **DEBTOR**                                                    Chapter 13
-------------------------------------------------------------X

**ATTORNEY'S AFFIRMATION IN SUPPORT OF THE**
**MOTION TO VACATE THE STAY WITH PREJUDICE**

TO:  **HON. ROBERT E. GROSSMAN**, United States Bankruptcy Judge:

ALAN H. WEINREB, ESQ., the undersigned, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

1. I am the Managing Partner of THE LAW OFFICES OF ALAN WEINREB, PLLC, Of Counsel to Pitnick & Margolin, the attorneys for **AMERICAN HOME MORTGAGE ACCEPTANCE, INC.,** (hereinafter referred to as "MOVANT"), and as such I am fully familiar with the circumstances of this case.

2. I make this affirmation in support of MOVANT'S Motion for an Order vacating the automatic stay imposed by virtue of 11 U.S.C. Section 362 (a).

3. The Movant's application is brought pursuant to F.R.B.P. 4001, for an Order: (i) modifying and terminating the automatic stay pursuant to 11 U.S.C. Sections 362 (d)(1) and 362 (d)(4) permitting Movant to exercise all of its rights and remedies as the owner of the Premises known as **965 Commack Road, Brentwood, New York 11717**, currently occupied by the Debtor, Victor J. Landers, David Nias (a prior Debtor), Nancy Nias (a prior Debtor) and others unknown to Movant; and (ii) granting such other and further relief as this Court deems just and proper.

4. That the Debtor herein filed a petition for relief under Chapter 13 of the Bankruptcy Code on **September 15, 2010.  Michael J. Macco** has been appointed interim Chapter 13 Trustee.  Said filing further stayed the execution of a Warrant of

Eviction for the Movant's premises in which the Debtor resides. This is the fourth (4th) bankruptcy proceeding filed by this debtor, and other occupants of Movant's property. The following cases have previously been filed by this Debtor and others affecting this property all filed without complete schedules:

(A)  David L. Nias, Case No. 08-74484-ast, filed 9/9/08, dismissed 6/16/09;
(B)  Nancy Nias, Case No. 10-70326-ast, filed 1/19/10, dismissed 3/30/10;
(C)  David Nias, Case No. 10-73172-ast, filed 4/28/10, dismissed 8/25/10;
(D)  Victor J. Landers, Case No. 10-77222-reg, filed 9/15/10

Said filings indicate that the present filing is part of a scheme to delay and hinder the Movant from acquiring possession of its property. Movant has filed three (3) previous Motions for this relief.

5.  That by Referee's Deed dated March 26, 2009 issued in connection with a Judgment of Foreclosure and Sale dated June 24, 2008, in an action to foreclose a mortgage made by Ana L. Garrido (non-Debtor) as recorded in the Office of the Clerk for the County of Suffolk in Liber 12588 Page 492, Movant became the owner of the premises occupied by the debtor and others known as 965 Commack Road, Brentwood, New York 11717. (See Deed annexed as Exhibit 'A').

6.  A Warrant of Eviction was issued to the Sheriff of Suffolk County on December 16, 2009 by the Honorable James P. Flanagan, Judge in the Fifth District Court of Suffolk County, directing that the Applicant be put into possession of the premises so held by it and to evict all occupants therein. (See Exhibit 'B'). Numerous bankruptcy filings have been hindering Movant's possession of this property.

7.  Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property…" As set forth above, cause exists to vacate the automatic stay as the Debtor has no interest in the subject premises

and there is no landlord the Tenant relationship between the Debtor and the Movant. Section 362 (d)(4) allows a stay be vacated when the Court finds that the filing was part of a scheme to delay hinder and defraud a secured creditor that involved multiple bankruptcy filings. Said scenario has been described herein. Every time a stay is lifted, another individual files a bankruptcy case to stay Movant.

8.    Applicant seeks an order of relief from the automatic stay imposed by 11 U.S.C. § 362(a) so it may continue its possession proceedings previously instituted.

## SUMMARY OF MOVANT'S POSITION

9.    It has been established by precedent that the issuance of a warrant of eviction terminates the landlord tenant relationship under NY RPAPL Section 749. Under the law of New York, applicable here, the issuance of a warrant of eviction cancels the lease between the parties and annuls the relationship of landlord and tenant. *See R*eal *Property Actions & Proceedings Law Section* 749(3). RPAPL § 749(3) provides, in relevant part:

> The issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant, but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof.

10.    The filing of a Bankruptcy petition does not resurrect a lease, and a Bankruptcy Court does not have the power to resurrect the lease which was terminated prior to the filing of a lessee's Bankruptcy petition. *See Bell v. Alden Owners, Inc.* 199 B.R. 451, 458 (S.D.N.Y. 1996); *Bucknell Leasing Corp. v. Darwin (In re Darwin)* 22 B.R. 259, 262 (E.D.N.Y. 1982).

11.    A state court judgment issued prior to the filing of a Debtor's bankruptcy case is res judicata in the Bankruptcy Case, and the Debtor may not relitigate issues already decided by the state court. *Bell,* 199 B.R., at 458; *Manhattan King David*

*Restaurant, Inc. v. Levine,* 163 B.R. 36, 39 (S.D.N.Y. 1993); *In re Lady Liberty Tavern,* 94 B.R. 812, 814 (S.D.N.Y. 1988). A Bankruptcy Court judge should give preclusive effect to a state court's judgment terminating a lease prepetition and awarding possession of the premises to the landlord. The issuance of a warrant in summary proceedings to remove the tenant cancels the lease and annuls the <u>relationship of landlord and tenant.</u> *Federiwicz v. Potomac Ins. Co.,* 7 A.D. 2d 330, 183 NYS 2d 115 (4th Dept. 1959). The issuance of a warrant in a summary proceeding effects the cancellation of the lease. *D.A.Schulte, Inc. v. Cross,* 146 Misc 763, 262 NYS 798 (1933).

12. Once the landlord-tenant relationship is terminated based upon the issuance of a warrant of eviction, it may only be revived where the full rental arrears are tendered (with good funds) and accepted by the Landlord. As a corollary, the landlord is free to accept payments against existing arrears, without reviving the landlord-tenant relationship. See *In re Darwin,* 22 B.R. 259, 264 (Bankr.E.D.N.Y. 1982), wherein the court, in finding the issuance of a warrant terminated a tenancy, stated as follows:

> The Debtor contends that the fact that he tendered two
> post petition rent payments to the landlord which were refused,
> should lead this court to a different result. Unfortunately, for the
> Debtor, under New York Law, once the warrant of eviction is
> issued, the landlord is under no obligation to accept the tender
> of rent and the tendering of same does not reinstate the tenancy.
> See *In re Barry Dabney Bankr.No.* 79 B 2304 (Coata, B.J. July 12,
> 1979) aff'd *In re Debney* 3 B.R. 719, 22 C.B.C. 786 (E.D.N.Y. 1980)
> Citing *In re Torres supra; 300 West Realty Co. v. Woods supra.*

13. Predicated upon same, the Warrant of Eviction issued on December 16, 2009 should be given preclusive effect. Moreover, in the present case there is no lease or rental agreement between the Debtor or anyone else and the Movant **AMERICAN HOME MORTGAGE ACCEPTANCE, INC.,** for these premises pursuant to RPAPL §

713(5). The Debtor here is not a tenant but simply a holdover squatter in a piece of property that has already been foreclosed upon, which is not property of the Debtor.

14. Accordingly, there is "cause" as set out in 11 U.S.C. § 362(d)(1) and the requirements of Section 362(d)(4) have been met permitting the court to vacate the automatic stay as the Debtor and others who continue to reside in Movant's property without any lease or other agreement or ownership interest in the premises to allow them to continue to occupy these premises. Movant has the burden to show that this current filing is part of a scheme of multiple filings to hinder delay and de-fraud the bank. See In re *Abdul Mauhaimin,* 343 B.R. 159, 162 and 168. As the debtor or previous bankruptcy debtor or any occupants do not owe Movant any money, nor have any contractual relationship with Movant, these filings can be shown to be done for the sole purpose of preventing the Movant from gaining possession of its property.

WHEREFORE, **AMERICAN HOME MORTGAGE ACCEPTANCE, INC.** respectfully requests an Order in the form presented herewith be granted vacating the automatic stay as to Movant to enable Movant to continue its summary proceedings against the premises.

Dated: Syosset, New York
      October 18, 2010                         /s/Alan H. Weinreb, Esq.
                                                Alan H. Weinreb, Esq.